## Commonwealth v. Ward

S. *Goldblatt,* Assistant District Attorney, for Commonwealth.

*Ronald Blumfield,* Voluntary Defender, for defendant.

SPORKIN, J., April 25, 1973.—This case came before the writer of this opinion on a petition for a writ of certiorari by defendant Willie Ward (petitioner), praying that his conviction be reversed and that he be discharged.

On November 6, 1972, petitioner appeared for trial in the Municipal Court of Philadelphia and was adjudged guilty of violating the Uniform Firearms Act and of carrying a concealed deadly weapon. Petitioner was sentenced to two years' probation and was ordered to pay court costs.

On November 17, 1972, a rule to show cause why the conviction should not be reversed and defendant discharged was granted by Shiomos, J., and thereafter argument was heard by the undersigned on February 6, 1973. Upon consideration of the briefs and arguments of counsel and of the record of the trial below, we have concluded that the petition should be granted, that the conviction should, accordingly, be reversed, and that petitioner should be discharged.

The record discloses that on September 5, 1972, the arresting officer, Francis Ryan, responded to a radio call from an unidentified informant with whom the police were not shown to have had prior contact or dealings, which caller simply stated that there was "a man with a gun" at 2120 North Nineteenth Street, Philadelphia, Pa., a high crime area of our city. Officer Ryan proceeded to that address and there found petitioner, "frisked" him and found a loaded gun in the rear of petitioner's belt. Petitioner's motion to suppress introduction of the pistol at trial was denied.

The threshold issue in this matter is whether the "frisk" was made incident to a reasonable belief that "criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous": Terry v. Ohio, 392 U. S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Both the United States Supreme Court and our own Pennsylvania appellate courts have held that probable cause existed where the arresting officer was responding to a tip by an unidentified informant, but only where the tip carried *indicia of reliability:* Commonwealth v. Bosurgi, 411 Pa. 56, Commonwealth v. Altizer, 213 Pa. Superior Ct. 201, 245 A. 2d 692 (1968); Adams v. Williams, 407 U. S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612, 617 (1972). A reading of Bosurgi, Altizer and Adams reveals that this "indicia of reliability" was supplied either by the fact that the informant's tip was extremely detailed, and corroborated upon sight of defendant by the policeman, or by a prior course of dealings between the officer and the informant.

In Bosurgi, the police acted on an anonymous phone call which informed them that a man having bushy grey hair, needing a shave, being short in stature, "Italian in appearance, and attired in tweed pants and striped shirt . . . was 'attempting to sell watches' " at a location proximate to a jewelry store from which

watches had been stolen in a burglary the previous day. The police found defendant who precisely fitted the informant's description, across the street from the spot at which their informant had reported seeing him, and, upon an ensuing "pat down," removed 10 watches from defendant's pockets. The court in Bosurgi held that the search of defendant was supported by probable cause. The Superior Court followed Bosurgi upon similar facts in Altizer.

In the recent Adams case, upon which the Commonwealth primarily relies, the United States Supreme Court found a search for weapons, incident to an unidentified informant's tip, to have been supported by probable cause where the informant gave a detailed description of the car in which defendant was seen (and in which the police found him), and of the place where defendant was carrying his gun, at his waist. The police reached to the identical area where the informant indicated that defendant's gun would be, and there found the weapon, thus corroborating the "tip." Further, although the informant's name was unknown to the arresting officer, such informant approached the officer personally, and *had* provided the officer with information in the past. As Mr. Justice Rehnquist stated for the majority in Adams, at 407 U. S. 146: *"This is a stronger case than obtains in the case of an anonymous telephone tip."* (Italics supplied.)

In the instant case, Officer Ryan responded to an anonymous telephone tip which stated simply that "a man with a gun" could be found at a location situated in the midst of one of Philadelphia's highest crime areas. No description was given either of the "man" or of where on his person the gun could be found. There were thus not the indicia of reliability arising from a *detailed* and corroborated description contained in the

anonymous tips in Altizer, Bosurgi, and Adams, supra, and no showing was here made, as was presented in Adams, that the police had received information from the informant on prior occasions. No difference therefore exists between the "stop and frisk" in question here, and a simple "vagrancy stop and frisk," made without the benefit of even a tip. The Commonwealth argues that the anonymous tip communicated to Officer Ryan was proven reliable by the fact that it was "corroborated" when Officer Ryan actually found "a man with a gun" at the stated address. This contention, however, begs the very question of whether "probable cause" existed for the *search*. The Commonwealth attempts to use the "bootstraps" argument that information which, of itself, carries no indicia of reliability can be crowned with an aura of reliability if, upon an otherwise unconstitutional search, the police find what they were seeking.

In the present case, one might well go to any corner in the area in question, conduct a stop and frisk of "a man" at such location, and find some variety of contraband. Thus, the informant's generalized description could well have led here to the arrest of a *different* "man" from the "man with a gun" *actually* seen and reported by the informant.

As stated by Mr. Justice Brennan in Wong Sun v. United States, 371 U. S. 471, 482, 83 S. Ct. 407, 414, 9 L. Ed. 2d 441 (1963):

"To hold that an officer may act in his own, unchecked discretion upon information too vague and from too untested a source to permit a judicial officer to accept it as probable cause. . . would subvert [the fundamental policy of the Fourth Amendment]."

In light of the foregoing, it is the conclusion of this court that the "stop and frisk" at issue was not supported by "probable cause," and the evidence gained

thereby should properly have been suppressed:* Wong Sun, supra. The conviction is accordingly reversed, and petitioner hereby discharged.

---

*Since there is no possible basis to support a conviction for violation of the Uniform Firearms Act or for carrying a concealed deadly weapon, absent production of the weapon itself, suppression of the seized gun herein leaves *no* evidence to support petitioner's conviction.